UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTHA AKERS, RAY JORDAN,
DYAN MATHESON, NANCY
OLIVER, and DAWN PEASE,
on behalf of themselves, the class of
current, and former mobile homeowners
in the Park and all others similarly situated,

       Plaintiffs,

                                  Case No.:  8:21-cv-00140

v.

TIMOTHY NEWBY, TODD NEWBY,
BARRY CAMPBELL, NEIL BROWN,
WOODALLS, INC., and NEWBY
COMMUNITIES, INC., d/b/a NEWBY
MANAGEMENT,

       Defendants.
_____/

## NOTICE OF REMOVAL

     Defendants, Timothy Newby, Todd Newby, Barry Campbell, Neil Brown, Woodalls,
Inc., and Newby Communities, Inc. d/b/a Newby Management, hereby remove the above-
styled cause to the United States District Court for the Middle District of Florida, Tampa
Division, and respectfully shows:

### Statement of Grounds for Removal

     This Notice of Removal is based on federal question jurisdiction pursuant to 28 U.S.C.
§ 1331, *et seq.*

## Basis for Removal

1.      On October 31, 2020, Plaintiffs commenced this civil action by filing a Complaint in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, styled *AKERS, et al. v. NEWBY, et al.*, Case Number 2020-CA-003325 (the "**State Action**"). A true and correct copy of the State Action Complaint is attached hereto as Exhibit "A".

2.      The first of the Defendants to be served was served on December 30, 2020.

3.      Defendants seek removal to the Middle District of Florida, Tampa Division, the District in which the action is now pending.

4.      This Court has removal jurisdiction over this action under 28 U.S.C. § 1441(a). This Court has original jurisdiction over this action under the provision of 28 U.S.C. § 1331.

5.      The Complaint alleges four counts, each a count for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, with each claim arising under the laws of the United States.

6.      Indeed, each of the four counts makes clear that it is brought under, and seeks recovery under, 18 U.S.C. § 1962. *See, e.g.*, Exhibit A at ¶¶ 41, 51, 56, and 64.

7.      It is well-settled that the federal courts have original jurisdiction over alleged RICO violations under 18 U.S.C. § 1962. *Caicedo v. AIRBNB, Inc.*, 2019 WL 3889726, at *1 (M.D. Fla. Mar. 25, 2019) citing *Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800, 808-09 (1988) and *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007).

8.      Accordingly, this Court has original federal question jurisdiction over the claims asserted in the Complaint.

9.      The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 § U.S.C. 1446(b)(1); *Florida Health Scis. Ctr., Inc. v. Gov't Employees Ins. Co.*, 8:17-CV-339-T-36AAS, 2017 WL 3720880, at *3 (M.D. Fla. Aug. 7, 2017).

10.     This Notice of Removal is filed within 30 days of December 30, 2020, the date which the first Defendant was first served with the initial pleading.  Therefore, this Notice of Removal is filed in compliance with 28 U.S.C. § 1446(b).

11.     A written notice of filing this Notice of Removal will be provided to the attorney for Plaintiffs as well as the Tenth Judicial Circuit Court in and for Polk County, Florida.

12.     Following the filing of this Notice of Removal, a true and accurate copy will be filed with the Clerk of Court for the Tenth Judicial Circuit Court in and for Polk County, Florida as required by 28 U.S.C. § 1446(d).

13.     Pursuant to Local Rule 4.02, in addition to the Complaint, contemporaneously with the filing of this notice, true and accurate copies of all other pleadings, orders, other papers, or exhibits on file in the State Action have also been filed.

## CONCLUSION

Because this Court has original federal question jurisdiction, Defendants remove this action and respectfully requests for it to proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

*s/ Ali V. Mirghahari*
Ali V. Mirghahari
Florida Bar No. 1003493
amirghahari@sbwlegal.com
avmassistant@sbwlegal.com
Mahlon H. Barlow
Florida Bar No. 871117
mbarlow@sbwlegal.com
mhbassistant@sbwlegal.com
SIVYER BARLOW & WATSON, P.A.
401 East Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598
*Co-Counsel for Defendants*

and

J. Allen Bobo
Florida Bar No. 0356980
Jody B. Gabel
Florida Bar No. 0008524
LUTZ, BOBO & TELFAIR, P.A.
2 North Tamiami Trail, Suite 500
Sarasota, FL 34236-5575
Telephone: 941-951-1800
Toll free: 877-951-1800
Facsimile: 941-366-1603
Email: jabobo@lutzbobo.com
Email: jbgabel@lutzbobo.com
*Co-Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 19, 2021, a true and correct copy of the foregoing

was filed with the Clerk of the Court using the CM/ECF system, and a copy was sent via e-mail

to:

      Daniel W. Perry, Esq.
      4767 New Broad Street, Ste. 1007
      Orlando, FL 32814-6405
      dan@danielperry.com
      *Counsel for Plaintiff*

                                  *s/ Ali V. Mirghahari*
                                  Attorney

5