UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARTHA AKERS, RAY JORDAN, DYAN MATHESON, NANCY OLIVER and DAWN PEASE,**

    Plaintiffs,

v.                                                                                              Case No: 8:21-cv-140-MSS-SPF

**TIMOTHY NEWBY, TODD NEWBY, BARRY CAMPBELL, NEIL BROWN, WOODALLS, INC. and NEWBY COMMUNITIES, INC.,**

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendants' Motion for Summary Judgment, (Dkt. 42), and Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment. (Dkt. 47) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendants' Motion for Summary Judgment.

    **I.**    **BACKGROUND**

        **A.**    **Factual Background**

Plaintiffs Martha Akers, Ray Jordan, Dyan Matheson, Nancy Oliver, and Dawn Pease are residents of Woodalls Mobile Home Village in Lakeland, Florida ("Woodalls"). (Dkt. 21 at ¶ 1) Woodalls is owned and operated by Defendants

Woodalls, Inc., and Newby Communities, Inc. (Id. at ¶¶ 6–7) Defendants Timothy Newby, Todd Newby, Barry Campbell, and Neil Brown hold executive-level positions at Newby Communities. (Id. at ¶¶ 2–5)

Plaintiffs allege that from 2009 to the present, Defendants have required them to "pay illegal fees or charges and pay unreasonably higher lot rent including fraudulently over-billed ad valorem tax pass-ons." (Id. at 1) An ad valorem tax is a tax "levied according to the value of property as determined by an assessment or appraisal." 71 Am. Jur. 2d State & Local Taxation § 18 (2021). Florida law permits owners of mobile home parks to "pass on, at any time during the term of the lot rental agreement, ad valorem property taxes" so long as the "ad valorem property taxes . . . [are] disclosed as a separate charge or a factor for increasing the lot rental amount in the prospectus or rental agreement." FLA STAT. § 723.031(5)(c).

Plaintiffs claim Defendants' alleged "fraudulent overbilling" was revealed in September 2018, when Woodalls' owner sent a letter to residents announcing that it had miscalculated the ad valorem tax pass-ons to residents from 2014 to 2018. (Dkt. 21 ¶ 10) The letter disclosed that, by excluding RV lots, the owner had incorrectly assessed the taxes among 216 lots instead of 328 lots, resulting in each resident overpaying ad valorem tax pass-ons every month from 2014 to 2018. (Id.) The letter stated that in 2019 each resident would receive a monthly credit for the overpayment. (Id.) Plaintiffs allege that Defendants' overbilling "is expected to continue into the future." (Id. at ¶ 12)

B. **Procedural History**

Plaintiffs brought their putative class action in Florida state court, alleging that Defendants violated (and conspired to violate) the Racketeer Influenced and Corrupt Organizations Act ("RICO") by committing and (and agreeing to commit) predicate acts of mail and wire fraud. (Dkt. 1) Defendants removed the action to federal court and moved to dismiss the Complaint for failure to state a claim and failure to comply with Federal Rule of Civil Procedure 9(b). (Dkt. 3) The Court granted in part and denied in part the motion to dismiss. (Dkt. 20) The Court held that Plaintiffs had "adequately allege[d] RICO claims based on Defendants' fraudulent overbilling." (Id. at 6) The Court concluded, however, that Plaintiffs had "failed to plead RICO claims predicated on Defendants' alleged refusal to provide the invoice submitted by the lawyer Defendants hired to challenge the ad valorem tax valuation." (Id. at 8)[1] The Court dismissed these latter claims without prejudice, giving Plaintiffs an opportunity to remedy this pleading deficiency if a good-faith basis existed to pursue the claims. (Id. at 9)

Plaintiffs subsequently filed an Amended Complaint. (Dkt. 21) The RICO claims based on fraudulent overbilling remained unchanged in the Amended Complaint (Id. at ¶¶ 10–13) Plaintiffs, however, dropped the allegations related to

---

[1] In their original Complaint, Plaintiffs alleged that in 2015, Defendants "hired a lawyer to challenge [Woodalls'] ad valorem tax valuation and then subsequently passed on to [Plaintiffs] the Defendants' entire legal bill for $8,465.00" (Dkt. 1-1 at ¶ 15) Plaintiffs complained that Defendants had declined to provide "documentation of the lawyer's invoice." (Id.)

3

Defendants' purported failure to provide the invoice submitted by Defendants' lawyer. Defendants again moved to dismiss, arguing that the fraudulent-overbilling claims were barred by the statute of limitations. (Dkt. 24 at 9–10) The Court denied Defendants' motion to dismiss on two grounds. (Dkt. 38). First, this Court determined that Defendants were "procedurally barred from raising their statute-of-limitations defense" because they did not raise it during their first motion to dismiss. (Id. at 7)[2] Second, the Court found that "Defendants' other grounds for dismissal rehash[ed] arguments" that the Court had already considered and rejected in its previous Order. (Id. at 8)

Defendants now move for summary judgment on the grounds that their undisputed evidence shows that the alleged fraudulent overbilling was an "inadvertent overcharge[ ]" and that Plaintiffs fail to put forth any evidence to support their claim of mail and wire fraud as predicate acts for their RICO claim. (Dkt. 42 at 2) Moreover, Defendants argue that there is no evidence to support the "other material elements" of Plaintiffs' RICO conspiracy claim. (Id.) In their Response in Opposition, Plaintiffs, citing to the Court's Orders denying Defendants' Motions to Dismiss, claim that they have adequately *alleged* RICO claims based upon Defendants' fraudulent overbilling. (Dkt. 47 at 5)

---

[2] The Court noted that the Defendants may assert their statute-of-limitations defense in a motion for summary judgment under Rule 56, or a Rule 12(c) motion for judgment on the pleadings. (Dkt. 38 at 8)

4

## II.    STANDARD OF REVIEW

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001) (explaining that "[s]ummary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law"). For a factual dispute between the parties to defeat summary judgment, the factual dispute must be "both genuine and material." Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1243 (11th Cir. 2008). A fact is material if it "affect[s] the outcome of the suit under the governing law," and is genuine "if a reasonable trier of fact could return judgment for the non-moving party." Id.

A court will "construe the facts and draw all inferences in the light most favorable to the nonmoving party and when conflicts arise between the facts evidenced by the parties, [the court will] credit the non[-]moving party's version." Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006) The role of the jury is to weigh the evidence and determine credibility, "[t]herefore, if the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact and the motion for summary judgment denied." Hodgetts v. City of Venice, Fla., 794 F. Supp. 2d 1265, 1271 (M.D. Fla. 2011)

A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support

5

the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted). When a moving party has discharged its burden, the non-moving party **must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial.** Porter v. Ray, 461 F.3d 1315, 1320-1321 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

### III.   DISCUSSION

The Court finds that Plaintiffs fail to rely on any evidence other than conclusory statements or allegations unsupported by facts to support their claim that Defendants engaged in the alleged fraudulent overbilling scheme with an intent to defraud. Instead of introducing specific facts, by their own affidavits, depositions, answers to interrogatories or admissions on file, Plaintiffs cite to the Court's previous Order on Defendants' *motion to dismiss* to oppose Defendants' *summary judgment* motion. As such, the Court **GRANTS** Defendants' Motion for Summary Judgment because

Plaintiffs offer no facts to demonstrate that genuine issues of material fact exist concerning Plaintiffs' substantive RICO and conspiracy RICO claims.

Plaintiffs fail to introduce any evidence that Defendants engaged in the alleged fraudulent overbilling with an intent to defraud Plaintiffs. To establish liability under the federal wire and mail fraud statues, a plaintiff must demonstrate: "(1) that defendants knowingly devised or participated in a scheme to defraud plaintiffs, (2) that they did so willingly with an intent to defraud, and (3) that the defendants used the U.S. mails or the interstate wires for the purpose of executing the scheme." PortionPac Chem. Corp. v. Sanitech Sys., Inc., 210 F. Supp. 2d 1302, 1307 (M.D. Fla. 2002). "[P]roof of mail and wire fraud requires a showing that defendant had the *knowing intent* to defraud[.]" Id. (emphasis added) Defendants maintain that "Plaintiffs have no evidence to support their formulaic and unsupported allegation of RICO fraud against any Defendant." (Dkt. 42 at 20)

The case record includes a declaration from Todd Newby, CEO of Newby Management, originally used in opposition to Plaintiffs' Motion for Class Certification. (Dkt. 33-1) ("Newby Declaration") In the Newby Declaration, Newby explains that Newby Management erred in the "one-time calculation [ ] affect[ing] the rent going forward" while attempting to "unbundle the tax charges at the Village." (Id. at ¶¶ 15–16) He further explains that "[t]he amount by which the monthly pass-on amounts were incorrectly inflated slightly exceeded the amount by which monthly rents were incorrectly deflated, meaning that when netted out the mistake resulted in the mobile homeowners paying approximately $1.43 too much per month for 60

7

months or a total of $7.13 for 2014 - 2018." (Id. at ¶ 17) Citing to the notice provided to the Plaintiffs, Newby testified that the calculation used 216 homes rather than 318 homes and that "[t]here was no misrepresentation . . .[and] was just a math error that [he] should have caught." (Id. at ¶ 19) Newby explicitly denies the RICO allegations, testifying that "there was no intent to defraud anyone [and that] [t]his was a simple mistake that was discovered and self-corrected before this lawsuit was filed." (Id. at ¶ 30). Consequently, the Court finds that Defendants show that there "is an absence of evidence to support" Plaintiffs' RICO claim. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993). As such, "the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." Id. at 1116, n. 3; Fed. R. Civ. P. 56(e) (explaining that the court may grant summary judgment "if the motion [for summary judgment] and supporting materials—including the facts undisputed—show that the movant is entitled to it").

      Here, Plaintiffs fail to come forward with their own specific facts showing that there is a genuine issue for trial as to Defendants' intent to defraud Plaintiffs. "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). Plaintiffs do not introduce any evidence to demonstrate a genuine issue for trial. Again, Plaintiffs only offer the conclusory statement that they have adequately *pleaded* RICO claims based upon defendants' fraudulent overbilling. (Dkt. 47 at 5) For this point, Plaintiffs cite to the Court's orders on Defendant's motions to dismiss, but the "standard for granting a motion for summary judgment is different from the standard

8

for granting a motion to dismiss." Scott v. Merchants Ass'n Collection Div., Inc., No. 12-23018-CIV, 2012 WL 4896175, at *1 (S.D. Fla. Oct. 15, 2012). Consequently, there is no genuine issue of material fact concerning Defendants' intent to defraud Plaintiffs.

The Eleventh Circuit requires a plaintiff to "*prove each* of the following four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity" to succeed on a RICO claim. Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988) (emphasis added). To recover under RICO and survive a summary judgment motion, the plaintiff "must prove *each* and *every* element" of a RICO claim. Downing v. Halliburton & Assocs., Inc., 812 F. Supp. 1175, 1178 (M.D. Ala. 1993) (granting summary judgment on RICO claim where "the plaintiffs have failed to produce a set of facts which support or prove the existence" of the enterprise element) (emphasis added), aff'd sub nom. Downing v. Halliburton & Assocs., 13 F.3d 410 (11th Cir. 1994). Citing to Durham, Ledford granted summary judgment against a RICO plaintiff relying on copyright infringement as the "necessary predicate acts" because he "failed to demonstrate that copyright infringement [had] occurred" and, consequently, his RICO claim "fail[ed] to demonstrate a genuine dispute as to material fact." Ledford v. Austin, No. 1:09-CV-3237-RWS, 2011 WL 1808148, at *3 (N.D. Ga. May 11, 2011). Here, without factual allegations supporting the Plaintiffs' assertion that Defendants intended to defraud them, Plaintiffs cannot prove the necessary predicate offenses of mail and wire fraud. Consequently, like in Ledford, the Court finds that Plaintiffs "cannot *prove* a violation of RICO" and Defendants' request for

9

summary judgment on the RICO claim is granted. Ledford, 2011 WL 1808148 at *3 (emphasis added).

The Court also finds there is no genuine issue of material fact concerning Plaintiffs' RICO conspiracy claim because Plaintiffs have failed to introduce evidence of any agreement between the Defendants to participate in the alleged conspiracy. On this point, the Eleventh Circuit requires courts to look to whether a RICO conspiracy claim is supported by allegations of "an illegal agreement [between the Defendants] to violate a substantive provision of the RICO statute." Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1269 (11th Cir. 2004). In their summary judgment motion, Defendants maintain that Plaintiffs lack evidence that the Defendants agreed to an overall objective or that they agreed to personally commit two predicate acts. (Dkt. 42 at 21) As such, Defendants have established "absence of evidence" on this point, and Plaintiffs "must go beyond the pleadings, and present *affirmative evidence* to show that a genuine issue of material fact exists." Porter, 461 F.3d at 1320. Plaintiffs do not address the issue or introduce any affirmative evidence in support of their conspiracy claim in their response in opposition. (See generally Dkt. 47) Consequently, the Court finds, as an independent basis to grant summary judgment, that there is no genuine issue of material fact as to Plaintiffs' RICO conspiracy claim because Plaintiffs have not provided any evidence that Defendants agreed to an overall objective to defraud Plaintiffs by overbilling.

Defendants raise an additional contention that that the statute of limitations bars Plaintiffs' suit. Because the Court finds that Plaintiffs have failed to offer any

10

evidentiary support for two of the essential elements of their RICO claim, the Court need not address the statute of limitations bar.

## IV.  CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Motion for Summary Judgment, (Dkt. 42), is **GRANTED**.
2. Plaintiffs' Renewed Motion for Class Certification, (Dkt. 44), is **DENIED as MOOT**.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of August, 2022.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person