UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTHA AKERS, RAY JORDAN,
DYAN MATHESON, NANCY
OLIVER, and DAWN PEASE,

      **Plaintiffs,**

v.                              **Case No: 8:21-cv-140-MSS-SPF**

TIMOTHY NEWBY, TODD
NEWBY, BARRY CAMPBELL,
NEIL BROWN, WOODALLS, INC.
and NEWBY COMMUNITIES,
INC.,

      **Defendants.**

_____

## ORDER

      **THIS CAUSE** comes before the Court for consideration of the Defendants'
Motion for Rule 11 Sanctions, (Dkt. 50) (the "Rule 11 Motion"), Defendants' Motion
for Determination of Rule 11 Motion, (Dkt. 54), and Plaintiffs' Response in
Opposition to Defendants' Motion for Determination of Rule 11 Motion (Dkts. 50
and 54). (Dkt. 55). Upon consideration of all relevant filings, case law, and being
otherwise fully advised, the Court **DENIES** Defendants' Motion for Rule 11
Sanctions.

## I.    BACKGROUND

      The Court incorporates the factual and procedural background sections
from its August 15, 2022 Order granting Defendants' Motion for Summary

Judgment. (Dkt. 53 at 1–4). In granting Defendants' Motion for Summary Judgment, the Court found that Plaintiffs "fail[ed] to rely on any evidence other than conclusory statements or allegations unsupported by facts to support their claim that Defendants engaged in the alleged fraudulent overbilling scheme with an intent to defraud." (Id. at 6).

Prior to the Court's ruling on Defendants' summary judgment motion, Defendants filed the Rule 11 Motion on March 21, 2022 after serving the Rule 11 Motion on April 7, 2021. (Dkt. 50 at 2). Defendants, citing to the Rule 11 Motion and the January 26, 2021, Motion to Dismiss, (Dkt. 3), claim that a reasonable pre-suit investigation "would have demonstrated [to Plaintiffs] the factual deficiencies." (Dkt. 50 at 4). Defendants assert that Plaintiffs' "four claims for federal RICO mail-wire fraud" do not include an allegation of an "*actionable fraudulent misrepresentation* (or reliance thereon). (Id.) (emphasis added) Without fraud, mail-wire fraud cannot exist. Without mail-wire fraud, no RICO predicate act is present [ ]. And without a predicate act, no RICO claim is stated." (Id.)

Defendants argue that "[i]mposition of an erroneous fee or charge is not RICO mail-wire fraud[,]" (id. at 7), and that Plaintiffs could not reasonably base the mail-wire fraud on the past rent bills received by tenants which indicated the miscalculated tax pass-ons. (Id. at 8). Next, Defendants claim that Defendants' refusal to document attorney's fees incurred cannot serve as a basis for a mail-wire fraud claim." (Id. at 11). Defendants also contend that mailings Plaintiffs relied on

in the announcement attached as Exhibit B to the complaint and, presumably, the monthly rent statements previously issued to residents of the Village could not suffice to support a scheme to defraud. (Id. at 12–13). Additionally, Defendants argue that Plaintiffs' substantive claims do not describe a pattern of conduct and Plaintiffs failed to allege the existence of any economic injury or loss, (id. at 13-14), and that the RICO conspiracy claims fail because the substantive RICO claims fail. (Id.)

Defendants filed their Motion for Determination of Rule 11 Motion contending that "[n]ow that the Court has entered summary judgment for the Defendants, their Rule 11 Motion is ripe for adjudication." (Dkt. 54 at 3). Defendants contend that the Court's summary judgment order "acknowledges several of the same key deficiencies in the Plaintiffs' allegations that were raised by the Defendants in their Rule 11 Motion." (Id. at ¶ 17). Defendants assert that Plaintiffs' counsel should be sanctioned "for his obvious lack of a reasonable investigation prior to filing the original and amended complaint, and for his continued assertion of frivolous RICO allegations against the Defendants, in spite of the clear lack of factual support for these claims." (Id. at ¶ 24).

## II.    STANDARD OF REVIEW

Rule 11 provides the court with power to sanction litigants and attorneys who make assertions without proper evidentiary support. Battles v. City of Ft. Myers, 127 F.3d 1298, 1300 (11th Cir. 1997) (citing to Fed. R. Civ. P. 11). Rule 11 is not a generic substitute for fee shifting to a prevailing party, however. Rather, Rule 11

sanctions are only proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996). In determining whether Rule 11 sanctions are appropriate, the district court "first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he should have been aware had he made a reasonable inquiry." Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995). The reasonableness of the prefiling inquiry depends on "how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law." Id. This inquiry may "also depend on the extent to which factual development requires discovery." Id.

## III.  DISCUSSION

"The objective standard for assessing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what it was reasonable to believe at the time' the pleading was submitted." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002) (quoting Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998); see also Gen. Elec. Credit Corp. v. Yasparro, 122 F.R.D. 33, 34 (M.D.

Fla. 1988) (explaining that standard for Rule 11 sanctions is reasonableness under the circumstances and that the court "should not indulge in hindsight but should test the signor's conduct by inquiring what was reasonable to believe at the time the pleading was submitted"). The Eleventh Circuit requires the court to engage in a "two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Baker v. Alderman, 158 F.3d at 524.

Defendants, citing to the Rule 11 Motion, as well as the January 26, 2021, Motion to Dismiss, (Dkt. 3), claim that a reasonable pre-suit investigation "would have demonstrated [to Plaintiffs] the factual deficiencies." (Dkt. 50 at 4) However, the Court previously determined that Plaintiffs' claim was not legally frivolous. On June 14, 2021, the Court granted in part and denied in part the motion to dismiss. The Court held that Plaintiffs had "adequately allege[d] RICO claims based on Defendants' fraudulent overbilling." (Dkt. 20 at 6) The Court previously found that Plaintiffs adequately alleged a fraudulent misrepresentation. Specifically, the Court had found that the "statement on each resident's monthly bill that he owed a certain amount of ad valorem tax pass-ons . . . deceived the residents into thinking they were liable for a higher amount of ad valorem tax pass-ons than they actually owed." (Id.) As for the other requirements for pleading a RICO claim, the Court previously found that, for the fraudulent overbilling claim, (Dkt. 20 at 7), Plaintiffs had adequately pleaded "at least two racketeering requirements by alleging that every month from 2015 to 2018, Defendants [had] sent bills to

Plaintiffs that misstated the amount of ad valorem tax pass-ons owed." (Id.) (internal quotations omitted) *Second*, "[t]hese inflated bills qualif[ied] as mailing that furthered the alleged fraudulent scheme." (Id.) *Third*, Plaintiffs had alleged that Defendants' overbilling "[wa]s expected to continue into the future, and [that] the Complaint support[ed] an inference that Defendants' practice of overbilling is a regular way of doing business." (Id.) *Fourth*, the Court determined that "the allegation that Plaintiffs overpaid their ad valorem tax pass-ons from 2015 to 2018 [wa]s sufficient to establish the injury to business or property required to sustain a RICO claim." (Id.) Of course, Plaintiffs' evidence was ultimately found to be insufficient to survive a summary judgment motion, but that does not mean the claims were objectively frivolous when asserted.

The Court also does not find as objectively frivolous Plaintiffs' claims based on the Defendants' decision to pass on the attorney's fees to Woodalls' residents or their refusal to provide documentation of the lawyer's invoices. As a preliminary matter, the Court previously found that Plaintiffs had "failed to plead RICO claims predicated on Defendants' alleged refusal to provide the invoice submitted by the lawyer Defendants hired to challenge the ad valorem tax valuation." (Dkt. 20 at 8). In the same Order, the Court specifically granted Plaintiffs leave to amend and refile the claim based on the attorney's fees only if, after due diligence, Plaintiffs' counsel believed such assertions could be made consistent with the demands of Rule 11. (Id.) With that admonition, Plaintiffs subsequently dropped the allegations related to Defendants' purported failure to provide the invoice

submitted by Defendants' lawyer. Defendants never amended the Rule 11 Motion, after Plaintiffs filed the amended complaint that removed the claim based on the Defendants' decision to pass on the attorney's fees to Woodalls' residents or their refusal to provide documentation of the lawyer's invoices.

The Court also notes the Court's granting of summary judgment does not automatically justify the imposition of sanctions. "The grant of summary judgment, in and of itself, does not mean that an action is frivolous or warrants the imposition of sanctions." Baker, 158 F.3d at 524 (11th Cir. 1998). Accordingly, the Court finds that Rule 11 Sanctions are not warranted.

## IV.    CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Motion for Rule 11 Sanctions, (Dkt. 50), is **DENIED**.

2. The **CLERK** is **DIRECTED** to close the case and terminate all pending motions.

   **DONE** and **ORDERED** in Tampa, Florida, this 24th day of January 2023.

_____

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person